# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| T.R. Helicopters, LLC, | ) | C/A No.: 3:10-2250-JFA |
|                 Plaintiff, | ) | |
| vs. | ) | |
| Bell Helicopter Textron, Inc., | ) | **ORDER** |
|                 Defendant. | ) | |

This matter is before the court upon Defendant Bell Helicopter Textron, Inc.'s motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer this case to the District Court for the Northern District of Texas, Fort Worth Division. The parties have fully briefed this matter, and after hearing oral argument, the court grants Defendant's motion and transfers this case to the United States District Court for the Northern District of Texas.

## BACKGROUND

This dispute arises out of Plaintiff TR Helicopters, LLC's decision to rescind its agreement to purchase a helicopter from Defendant Bell Helicopter Textron, Inc. Pursuant to the terms of the purchase order agreement, Plaintiff paid a nonrefundable deposit to Defendant for the helicopter, and after it cancelled its order, Plaintiff sought a refund of its deposit. After discussions about the return of the deposit stalled, Plaintiff filed suit in South Carolina state court, seeking the return of its deposit, and in response, Defendant removed the case to this court. Now, Defendant asks the court to transfer or dismiss this case based on a forum selection clause contained in the purchase order agreement. Article 12 of the purchase agreement states:

> This Agreement and any disputes arising under, out of, or related in any way to this Agreement or the legal relationship between Seller and Purchaser shall be governed and construed, exclusively, under the laws of the State of Texas, USA exclusive of

> conflicts of laws. Seller and Purchaser hereby agree that any dispute arising under this Agreement or the legal relationship between Seller and Purchaser shall be filed only in (a) the Court of General Jurisdiction of the State of Texas in the county of Tarrant, or (b) the Federal District Court for the Northern District of Texas, Fort Worth Division. Seller and Purchaser hereby agree that the above sets forth the sole and exclusive jurisdiction and venue in which any lawsuit arising under, out of, or related to this Agreement may be filed.

(Def.'s Mot. to Dismiss, Ex. A ¶ 12.) Based on this language, Defendant believes this court should dismiss this suit because the parties agreed that the proper venue for such an action would be a court in Texas.

## **ANALYSIS**

At the outset, the court finds it more appropriate to decide whether or not this case should be transferred to the United States District Court for the Northern District of Texas, as requested by Defendant as alternative relief, rather than to decide whether the case should be dismissed without prejudice. A district court may transfer a case to another district court pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

---

[1] Defendant moved to transfer the case pursuant to 28 U.S.C. § 1406(a), which provides: "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." "Although its language suggests otherwise, section 1406(a) has been interpreted to authorize transfers in cases where venue is proper but personal jurisdiction is lacking or some other impediment exists that would prevent the action from going forward in that district." *Carefirst of Md., Inc. v. Carefirst Urgent Care Ctr., LLC*, 305 F.3d 253, 255–56 (4th Cir. 2002). Neither party has alleged that this court lacks personal jurisdiction over it, therefore making this venue defective. Rather, the parties primarily dispute over whether or not a forum selection clause requires this court to transfer the case. As such, the court considers whether or not to transfer this case pursuant to 28 U.S.C. § 1404(a).

As the language of the rule suggests, the court should first consider the convenience of the witnesses and the parties. In this case, it appears that this factor favors neither side's position, as Plaintiff has its home office in South Carolina, Defendant has its home office in Texas, and a former employee, who is a material witness in the case, resides in Maryland. Moreover, this matter involves a breach of contract issue; therefore, presumably, neither forum creates a burden in accessing other sources of proof beyond the witness located in Maryland. Ultimately, regardless of which forum is selected, one side or the other would be burdened with bringing themselves and their witnesses from far away.

Next, the court should consider the "interest of justice". As the United States Supreme Court has noted, "the presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences."). A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 213 (4th Cir. 2007). A forum selection clause is unreasonable if "(1) it was the result of fraud or overreaching; (2) trial in the contractual forum would be so gravely difficult and inconvenient for the complaining party that he would for all practical purposes be deprived of his day in court; or (3) enforcement would contravene a strong public policy of the forum in which suit is brought." *M/S Bremen*, 407 U.S. at 15–18; *Pee Dee Health Care, P.A.*, 509 F.3d at 213–14.

Here, Plaintiff contends that the forum selection clause is unreasonable because it contravenes a strong public policy of South Carolina. The basis of Plaintiff's contention lies in South Carolina Code section 15-7-120(A), which states:

> Notwithstanding a provision in a contract requiring a cause of action arising under it to be brought in a location other than as provided in this title and the South Carolina Rules of Civil Procedure for a similar cause of action, the cause of action alternatively may be brought in the manner provided in this title and the South Carolina Rules of Civil Procedure for such causes of action.

Plaintiff contends that this statutory provision evidences a strong policy of the State to allow contracting parties to litigate a dispute in a South Carolina court regardless of a mandatory forum selection clause agreed to by the parties in their contract, so long as the action may otherwise be brought in a manner provided under the South Carolina Code and Rules of Civil Procedure. To support this assertion, Plaintiff argued at the hearing that the South Carolina Court of Appeals' decision in *Johnson v. Paraplane Corp.*, 319 S.C. 247, 460 S.E.2d 398 (S.C. Ct. App. 1995), concluded the same. In *Johnson*, a pilot brought an action against a paraplane manufacturer for injuries he incurred after striking a tree while operating the paraplane. When contracting to purchase the paraplane, the pilot signed a waiver agreement which stated that the parties "agreed that venue and jurisdiction for any legal action arising out of any matter which is the subject of this document shall be in the Superior Court of the State of New Jersey, County of Camden." *Id.* at 249, 460 S.E.2d at 399. On appeal, the paraplane manufacturer argued that the trial court lacked jurisdiction to hear the case because of the forum selection clause present in the waiver. Citing South Carolina Code section 15-7-120, the court of appeals determined that, absent the contract provision, the matter was properly brought in South Carolina. *Id.* at 250, 460 S.E.2d at 400.

4

To further support its position that South Carolina has a strong public policy in permitting litigation to remain in the State regardless of a forum selection clause, Plaintiff, in its brief, cited to *Johnson v. Key Equipment Finance*, 367 S.C. 665, 627 S.E.2d 740 (2006), and *Minorplanet Systems USA Limited v. American Aire, Inc.*, 368 S.C. 146, 628 S.E.2d 43 (2006), both decided by the South Carolina Supreme Court on the same day. In *Johnson v. Key Equipment Finance*, the South Carolina Supreme Court did not enforce a forum selection clause requiring suit to be filed in New York, after determining that the plaintiffs' cause of action related to acts inducing the execution of the contract in the first place. 367 S.C. at 669, 627 S.E.2d at 742. In the case, the defendant leased a telephone marketing system to the plaintiffs; however, the telephone system violated the federal Telephone Consumer Protection Act of 1991, and the defendant never disclosed this fact to the plaintiffs during their negotiations. Because the plaintiffs complained of the defendant's failure to disclose the illegality of the telephone system prior to the parties entering into the lease agreement, the Supreme Court determined that the forum selection clause in the lease did not preclude the plaintiff from filing suit in South Carolina. The Court stated:

> All of these actions relate to events that took place prior to the signing of the lease between the parties. We hold that the forum selection clause does not prevent [plaintiffs] from filing suit in South Carolina because of the allegations that [the defendant] induced [them] into entering the contract by misrepresenting or hiding pertinent information from [them].

*Id.* at 668, 627 S.E.2d at 742.

Although presented with the issue of whether or not South Carolina Code section 15-7-120 permits a South Carolina court to exercise personal jurisdiction over a party in notwithstanding a forum selection clause, the court declined to address the issue. *Id.* at 669, 627 S.E.2d at 742. In *Minorplanet Systems USA Limited v. American Aire, Inc.*, the Supreme Court determined that the

forum selection clause contained in a contract was sufficient to establish personal jurisdiction over the parties in Texas, which was the forum agreed to. In doing so, however, the court analyzed the issue under Texas law, and it did not address the impact section 15-7-120 had on the parties agreement, if it had one at all. 368 S.C. 146, 150, 628 S.E.2d 43, 45 (2006).

After considering Plaintiff's argument and the cited case law discussed above, the court concludes that the forum selection clause is not unreasonable in this instance, notwithstanding South Carolina Code section 15-7-120. First, the South Carolina Supreme Court subsequently vacated the opinion of the court of appeals in *Johnson v. Paraplane Corp.* in its entirety because it determined that the circuit court's order was not directly appealable, precluding jurisdiction in the appellate court. *Johnson v. Paraplane, Corp.*, 321 S.C. 316, 468 S.E.2d 620 (1996). Therefore, while *Johnson* may provide some insight into the court of appeals' view of section 15-7-120, it no longer is good law. Moreover, the Supreme Court was presented with an opportunity to confirm that section 15-7-120 evidenced a strong policy of the State in *Johnson v. Key Equipment Finance*; nevertheless, it elected not to address the issue. *Johnson v. Key Equipment Finance*, 367 S.C. 665, 669, 627 S.E.2d 740, 742 (2006). And *Minorplanet Systems USA Limited v. American Aire, Inc.* offers little assistance to Plaintiff's argument, as the Supreme Court applied Texas law in that case. 368 S.C. 146, 628 S.E.2d 43 (2006). If anything, the *Minorplanet Systems USA Limited* opinion undercuts Plaintiff's position, as in a footnote, the Supreme Court stated, "Under South Carolina law, a consent to jurisdiction clause is generally presumed valid and enforceable when made at arm's length by sophisticated business entities." *Id.* at 150 n. 1, 628 S.E.2d at 45 n.1. The court cannot help but consider that this is the exact situation presented here, as both Plaintiff and Defendant are sophisticated business entities in the helicopter industry, who entered into a $2.3 million transaction

involving the purchase of a helicopter and agreed to litigate any dispute arising out of their agreement in Texas.

Finally, Plaintiff also relies on the decisions of two United States District Court judges, both who have determined that section 15-7-120 evidences a strong public policy of the State to allow disputes to be litigated in South Carolina regardless of the presence of a forum selection clause which states otherwise. *See, e.g.*, *Spinks v. The Krystal Co.*, No. 07-2619, 2007 U.S. Dist. LEXIS 72244 (D.S.C. September 26, 2007); *Consolidated Insured Benefits, Inc. v. Conseco Med. Ins. Co.*, 370 F. Supp. 2d 397 (D.S.C. 2004); *Ins. Prod. Mktg., Inc. v. Indianapolis Life Ins. Co.*, 176 F. Supp. 2d 544 (D.S.C. 2001). Although persuasive, the court is not convinced that their reasoning precludes the enforcement of the forum selection clause in this case. As noted by these judges, no South Carolina court has explicitly stated whether South Carolina has a strong public policy against forum selection clauses that would deprive a citizen of his choice; the legislature has not declared the state policy in the text of the statute; nor is there any legislative history that confirms the statute is evidence of the state's strong public policy. Without any clear guidance on this issue, the court does not find that the forum selection clause is unenforceable because of any state policy. Finding forum selection clauses unenforceable could affect the business climate in this State, and the court, as a United States District Court, finds it more suitable for the South Carolina Legislature or the South Carolina courts to espouse such a policy.

One final point worth recognizing is that, in addition to agreeing to a Texas forum, the parties also agreed that Texas law will govern any dispute arising out of their agreement, and the court believes that the United States District Court for the Northern District of Texas is more able to apply Texas law to the case than this court. Therefore, the court believes the interest of justice will

7

further be served if this case is transferred. Accordingly, the court grants Defendant's motion.

**IT IS SO ORDERED.**

November 17, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge